# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIS BRYAN HULL<br>For Dorothy Hull (deceased),<br><br>        Plaintiff,<br>v.<br><br>PEPPERTREE VACATION<br>AND TRAVEL CLUB<br>(Formerly Equivest Vacation & Travel Club)<br><br>        Defendant. | No. 6:19-cv-03048-S-DPR |

## ORDER

Before the Court is Plaintiff Willis Hull's *pro se* "Motion to Object to Courts Dismissal of this Petition." (Doc. 27.) Upon review, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On December 28, 2018, Plaintiff Willis Bryan Hull filed his pro se Petition in the Circuit Court for Taney County, Missouri against Defendant Peppertree Vacation and Travel Club. (Doc. 1-1.) On February 6, 2019, Defendant timely removed the matter to this Court based on diversity jurisdiction. (Doc. 1.) Defendant filed a Motion for a More Definite Statement on February 13, 2019. (Doc. 7.) Plaintiff filed a response on February 25, 2019, (doc. 10), which the Court subsequently deemed to be his first Amended Complaint. (Doc. 12.) On March 11, 2019, Defendant filed a Motion to Dismiss; or, in the alternative, Motion for a More Definite Statement. (Doc. 13.) On July 18, 2019, the Court entered an order directing Plaintiff to file an amended complaint within twenty-one days setting forth a more definite statement of his claims in compliance with the pleading standards set forth in the Court's order. (Doc. 24.) The Order specifically advised: "Failure to comply with this Order will lead to a dismissal of Plaintiff's action without further notice." (*Id*.) On July 19, 2019, the court clerk sent copies of the Court's Order and docket sheet to Plaintiff at his provided address: 15750 Lawrence 1135, Mt. Vernon, MO

65712. No mail was returned to the Court. On September 10, 2019, after Plaintiff failed to file a second amended complaint setting forth a more definite statement, the Court struck Plaintiff's first amended complaint and dismissed the action pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 26) On September 23, Plaintiff filed the instant motion claiming he "had trouble with the mail getting delivered from the very start of this petition" and was not aware of the Court's "alleged" order. In the Certificate of Service Plaintiff noted his address was 15750 Lawrence 1135, Mt. Vernon, MO 65712.

## II. DISCUSSION

Dismissal of a case for failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b) (district court may dismiss a case for failure to prosecute or comply with court orders). Plaintiff's motion "objects" to this Court's dismissal of his action but fails to set forth a basis that supports the relief requested. To the extent Plaintiff's motion can be construed as a Rule 60(b)(6) motion, he has failed to demonstrate "extraordinary circumstances" that warrant relief from this Court's order. Plaintiff had until August 8, 2019, to file his second amended complaint and did not seek additional time beyond this deadline. Plaintiff was specifically cautioned in the Order that failure to comply with the Order within the required time-frame could result in a dismissal without further notice. Plaintiff has not provided any corroborating evidence to support his claim that he did not receive this Court's order. Moreover, the Court has received no returned mail or other indication Plaintiff did not receive a copy of the Order. Given that Plaintiff has received all other pleadings through the mail to the same address with no issue, the Court finds Plaintiff's conclusory statements that he did not receive this Court's order do not demonstrate good cause.

Further, though Plaintiff has been given numerous opportunities to address pleading deficiencies, Plaintiff continues to set forth vague, conclusory or unsupported allegations, claiming

his contract with Defendants is "invalid" because of the breach of contractual terms, which he does not specify, and "false" oral promises not included in the contract, which he also fails to articulate. Plaintiff's second amended complaint, filed without leave after this Court's dismissal, still fails to address the stated deficiencies.

Accordingly, Plaintiff's Motion (doc. 27) is **DENIED**. Further, because a dismissal under Fed. R. Civ. P. 12(e) qualifies as an involuntary dismissal under Fed. R. Civ. P 41(b), the Court clarifies its dismissal of the action was not intended to be on the merits and therefore is without prejudice. The Clerk of the Court is directed to send a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED**.

/s/ David P. Rush
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: December 6, 2019